## CITY OF LAWRENCE *vs.* INHABITANTS OF METHUEN & another.

Suffolk.   January 22, 23, 1896. — May 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Municipal Corporation — Ultra Vires — Furnishing Water to Premises outside Municipal Limits.*

It is not in excess of the powers of a municipal corporation to deliver water from its system of waterworks to a person who, for his own use, distributes the water throughout his premises, which lie partly within and partly without the municipal limits.

INFORMATION in equity by the Attorney General, at the relation of the mayor of the city of Lawrence, filed March 13, 1895, to enjoin the town of Methuen from furnishing water to such portions of the buildings and premises of the Arlington Mills as are situated within the city of Lawrence.   Afterward, by amendment, the information was changed into a bill in equity, with the city of Lawrence as complainant, and the Arlington Mills was made an additional party defendant.

The bill alleged that, acting under the authority of St. 1872, c. 79, the city of Lawrence had constructed and maintained a system of waterworks for the use of the city and its inhabitants; that the income from the water rates has not been sufficient to provide for the maintenance of the works and the interest on the water debt, and that the residue of the expense has been met annually by taxation; that the Arlington Mills is a corporation established under the laws of the Commonwealth, and located by its charter in Lawrence; that the land and buildings of the mills are in two parts, their principal tract of real estate, their largest mills, and their principal place of business being situated in Lawrence, and another tract of land with buildings thereon being situated in Methuen, and that they own a tract of real estate connecting the two establishments; that the city of Lawrence has laid water pipes to the buildings of the Arlington Mills situated in Lawrence, and has supplied them with water at the regular established water rates; that by

St. 1892, c. 310, the Methuen Water Company was incorporated for the purpose of supplying the inhabitants of Methuen with water, and that thereafter the town of Methuen, acting under the authority of § 9 of that statute, took the franchise and property of the water company, and itself proceeded to construct and operate the waterworks; that the Arlington Mills have laid pipes from their mills in Lawrence through their land into the town of Methuen, and connected them with the water works of that town, and that the town of Methuen furnishes water for the use of the buildings of the Arlington Mills in Lawrence, and that the mills have substantially ceased to take water from the city of Lawrence; and that in so furnishing water to the buildings of the Arlington Mills located in Lawrence the town of Methuen is acting in excess of the authority conferred upon it by law, to the injury of the city of Lawrence.

The prayer of the bill was that the town of Methuen might be enjoined from furnishing water to be used in any buildings or premises of the Arlington Mills situated in the city of Lawrence.

The answer of the town of Methuen, admitting the lawful construction and maintenance of the waterworks by the city of Lawrence, and that it had laid pipes and had supplied water to the Arlington Mills, and reciting its acquisition under St. 1892, c. 310, of the franchise, property, and privileges of the Methuen Water Company, and its construction and maintenance of waterworks and water pipes, alleged that the Arlington Mills had laid pipes from their mills in Lawrence to a point within the town of Methuen, where they had connected them with the water pipes maintained in the streets of that town, and that the city of Lawrence still continues to supply the Arlington Mills with water in considerable quantities; but that the force of the water supplied by the defendant is so much greater than such as can be supplied by the city of Lawrence as to make it important to the Arlington Mills to obtain a supply of water also from the defendant.

Hearing on the bill as amended, and the answer, by *Field*, C. J., who, by agreement of the parties, reserved the case for the consideration of the full court.

*C. U. Bell,* for the city of Lawrence.

*J. L. Thorndike,* (*R. F. Sturgis* with him,) for the town of Methuen.

*W. A. Munroe,* for the Arlington Mills.

FIELD, C. J.   The St. of 1872, c. 79, whereby the city of Lawrence was empowered to construct waterworks for the use of said city and its inhabitants, did not purport to compel the inhabitants of the city to take water from the city. They could still obtain the water they use in any other lawful manner. If the present information can be maintained, either by the Attorney General or by the city of Lawrence, it must be on the ground that the town of Methuen, in furnishing water to be used by the Arlington Mills in the manner set forth in the information, is exceeding its powers under St. 1892, c. 310. If we assume that the city of Lawrence has any standing in court to maintain a bill in equity, or that the Attorney General can bring an information in equity for the purpose of keeping the town of Methuen within the limits of its powers under this statute, we are of opinion that it does not appear in the present case that the town of Methuen has exceeded its powers. The town of Methuen has acquired the " franchise, corporate property, and all the rights and privileges " of the Methuen Water Company under St. 1892, c. 310, § 9.   Section five of the statute is as follows:

" The said corporation may distribute the water through said town of Methuen; may regulate the use of said water and fix and collect the rates to be paid for the use of the same; and may make such contracts with the said town, or with any fire district that is or may hereafter be established therein, or with any individual or corporation, to supply water for the extinguishing of fire or for any purposes, as may be agreed upon by said town or such fire district, individual, or corporation, and said corporation ; and may establish public fountains and hydrants, relocate and discontinue the same."

We assume that the individuals or the corporations with which the town may make contracts must be individuals or corporations owning property in the town, and that the town is not authorized to distribute water except within its limits. In the present case the water is delivered to the Arlington Mills in the

town of Methuen, and it is distributed by the Arlington Mills throughout its premises on both sides of the boundary line between the town and the city of Lawrence. It is delivered to the mills for the use of the mills, and not for the purpose of enabling the mills to deliver it to other persons or corporations. Where a person or corporation owns land on both sides of the boundary line between the town and the city of Lawrence, which is a continuous parcel wholly in the occupation of the owner, and on which there are buildings in both the town and the city in which water is used, we see nothing in the statute which prevents the town from furnishing within its limits all the water which such an owner or occupant needs to use on the premises. In practice it must often be a great convenience for persons owning and occupying land extending across the boundary line between two municipalities to take water from one or the other for use on the whole land; and to compel such persons to distinguish between the parts of the premises in each municipality on which the water is used, and to confine the use of the water to the part within the municipality from whose works the water is taken, would impose artificial restraints upon such owners in the use of property which could be justified only by language clearly expressing an intention to accomplish such a result, and we find no such language in St. 1892, c. 310.

The cases of *Halifax Corporation* v. *Morley Corporation*, reported in 63 Journal of Gas Lighting, Water Supply, and Sanitary Improvement, 855, and of the *Gas Light & Coke Co.* v. *South Metropolitan Gas Co.* 62 L. T. (N. S.) 126, were decided upon the particular language of the statutes involved, which seems to us materially different from the language in St. 1892, c. 310.

                                                  *Bill dismissed.*